Mr. Chief Justice Shaekev
delivered the opinion of the court.
The record in this case invokes a construction of an act of the legislature, entitled “ an act to provide for the valuation of property, and in relation to mortgages and deeds of trust,” passed *628 February 21st, 1840. Tlie plaintiff sued out a fieri facias against the property of the defendants, which was levied on land. The defendants claimed to have the land valued according to the act, which was regularly done and returned to the sheriff, who offered the land for sale. It did not bring two-thirds of its value, and he made a proper return of all the facts. Before the expiration of twelve months the plaintiff sued out another execution, which on motion was quashed as being irregular, because it issued before the expiration of twelve months after the offer to sell under the first levy. The sheriff was directed by endorsement on the second execution, not to levy on the same property which had been levied on under the first execution. The question is, did the court err in quashing the execution ?
The object of the statute seems to have been to prevent the sacrifice of property by providing a mode by which it should bring a fair .value, and in case it should not sell for the required proportion of its value, that the defendant should have time allowed him to discharge the debt. The first and second sections provide that property levied on shall be valued, and the mode of doing it. The third section requires that on the day of sale, the sheriff shall offer it, and if'it does not bring two-thirds of the appraised value, he shall announce that there is no sale, and shall return the execution on the return day, together with the certificate of appraisement, certifying that it would not sell for two-thirds of its value. It further provides that no other writ of execution shall issue for the sale of such unsold property, until the expiration of twelve months from the time when such writ of execution shall have been returned. The fourth section provides that after the expiration of twelve months, the clerk shall issue a venditioni exponas directed to the sheriff, who is required to re-advertise the property according to law, and make an absolute sale. The fifth section provides that when property does not bring two-thirds of its value, if real estate, it shall remain in possession of the defendant, and if it be personal property the defendant may retain possession on giving bond with security, conditioned for the safe-keeping and prompt delivery of the property to the sheriff on the first day of the term but one next succeeding *629 that to which the execution was returnable. The sheriff is required to return the bond, and if the condition be broken it has the force and effect of a judgment, without the privilege of further procrastination in its collection.
It is true that a second execution is not in so many words prohibited as against other property than that first levied on, and yet this may be done as effectually by implication or necessary consequence from the provisions of the act, as by express prohibition. The application of a few legal principles will serve to show that a second execution is virtually prohibited. 1. Two operative executions cannot be predicated on the same judgment at the same time; whilst one is in the progress of being made effectual, a second cannot issue. 2. A levy on personal property changes the property and is a satisfaction of the execution to the extent of the value; and a levy on sufficient real estate is so far an execution of the judgment as to postpone the right to a second writ. Gilbert on Executions, 24. To these we may add that excessive levies are not tolerated in law. The valuation and an unsuccessful offer to sell do not raise or destroy the first levy, but it is considered as still existing, and the property in the hands of the sheriff; hence the legislature merely required that' a venditioni exponas should issue after the expiration of twelve months, requiring the sheriff to sell that- which he had previously taken. Having enough in his hands, it would be unjust and oppressive to authorize him to take more, and a levy is presumed to be a sufficient one. A first sufficient levy must be disposed of before a second can be made. In this case the first levy was not disposed of; it was merely suspended by operation of law, which suspension did not in any degree change the legal effect of the levy on the rights of the parties. We have seen that the effect is a change of the property and satisfaction of the execution. By the common law the judgment was not a lien upon the defendant after levy. Double satisfaction cannot be required of the same judgment, and this would be the inevitable consequence, if a second execution may rightfully issue. Yea! more than this; treble and even quadruple satisfaction might be exacted, for if property taken under the second writ should not sell for two-thirds of its *630 value, a third and fourth might issue with equal propriety. In this way excessive levies would be the sure consequence. Why, it may be asked, should the legislature have provided for keeping the levy in force for twelve months, and at the expiration of that time required a peremptory and speedy sale, if it was not intended that no other execution should issue. Such a provision is incompatible with the idea that the plaintiff might still go on and levy on other property. Hence we think it plain that the legislature intended a suspension of the proceedings for twelve months; but independent of such intention, as the levy still exists, the property being in the hands of the sheriff, which operates as a satisfaction of the execution, the legal effect is that a second execution cannot regularly issue. We therefore think the court was justified in quashing the second fieri facias.
Judgment affirmed.